# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51056

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2014

Lyle W. Cayce
Clerk

ROBERT A. LEVY; PHYLLIS B. LEVY,

Plaintiffs-Appellants

v.

THE CITY OF EL PASO; EL PASO ELECTRIC COMPANY; JOYCE
WILSON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-cv-00129

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Robert and Phyllis Levy appeal the district court's Rule 12(b)(6) dismissal of their Section 1983 due-process claims based on Defendant-Appellee the City of El Paso's termination of electrical service to one of the Levys' rental properties. Affording liberal construction to the Levys' pleadings and appellate briefs,[1] we affirm for the following reasons:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

No. 13-51056

- The district court held that the Levys failed to state a procedural due process claim because, even accepting all allegations as true and viewing them in the light most favorable to the Levys, their complaint and its attachments demonstrated that the City provided adequate notice and an opportunity to be heard before disconnecting the Levys' electrical service. The City's initial Notice of Violation included a detailed listing of the property's deficiencies, and thus gave the Levys adequate notice more than ten months before the disconnection. The Levys' complaint does not allege that they did not receive an adequate opportunity to be heard; to the contrary, the complaint explicitly refers to their several meetings with City officials, including at least one on-site meeting at the property. The district court's dismissal of the Levys' procedural due process claim was proper.

- The district court held that the Levys similarly failed to state a substantive due process claim, relying principally on our decision in *Hidden Oaks Ltd., et al. v. City of Austin* and its conclusion that municipalities have a substantial and legitimate interest in ensuring that substandard housing remains unoccupied.[2] We agree that this legitimate interest provides a rational basis for the legislative and enforcement acts alleged in the Levys' complaint. The district court's dismissal of the Levys' substantive due process claim was proper.

---

[2] 138 F.3d 1036, 1043 (5th Cir. 1998).

2

No. 13-51056

- In light of the above, we agree with the district court's conclusion that any amendment of the Levys' complaint would have been futile.[3]

We hold that the district court properly dismissed the Levys' complaint with prejudice without first allowing the Levys an opportunity to amend it. AFFIRMED.

---

[3] *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.,* 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").